UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Patrice Punch ) | |
|     Plaintiff, ) | |
| v. ) | CASE NO |
| ) | |
| ) | COMPLAINT |
| City Of New York; Police Officer ) | JURY TRIAL DEMAND |
| Shaniece Hicks; Police Officer "John" ) | |
| Rosario; Police Officer John Does 1 -10 ) | |
|     Defendants. ) | |

_____

**PRELIMINARY STATEMENT**

1. Patrice Punch was falsely arrested on gun and gambling charges, and spent approximately three days in custody, before he was released because the Kings County District Attorney Office declined to prosecute. Mr. Punch was arrested while he was standing in the middle of a courtyard of a thirty-room apartment complex, and had no relation to the closed room where guns were recovered

2. Mr. Punch brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America and the New York State Constitution.

1

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Mr. Punch's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Venue lies in the Eastern District of New York under 28 U.S.C.§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the District.

## STATE LAW CLAIMS PREREQUISITES

5. That within 90 days after the state law claim of False Imprisonment accrued, plaintiff served a Notice of Claim, in writing, sworn by the claimant, containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendants by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

6. That plaintiff appeared for a hearing pursuant to § 50-H of the General Municipal Law on or about November 10, 2021.

7. That the defendants have not adjusted, settled the claim since the Notice of Claim was served and it has exceeded 30 days.

8. That this claim has been commenced and this action has been started within one year and ninety days after the accrual of the state law violation upon which the New York State law claims are based.

9. That all conditions and requirements precedent to the commencement of this action have been complied with.

**THE PARTIES**

10. Plaintiff Patrice Punch is—and, at all times discussed herein, was—a resident of Kings County - Brooklyn, New York.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein. The City of New York is sued pursuant to General Municipal Law - GMU § 50.

12. Defendant Police Officer Shaniece Hicks ("Officer Hicks") was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

13. Defendant Police Officer "John" Rosario – first name unknown- ("Officer Rosario") was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in his individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

14. Defendant Police Officer John Does 1 - 10 was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

## JURY DEMAND

15. Plaintiff Patrice Punch demands a jury trial.

## STATEMENT OF FACTS

16. On the April 10, 2021, Plaintiff went to visit friends at an apartment complex located at 491 East 45th Street ("Complex").

17. The Complex consists of 30 different apartment units situated in four different stories with a courtyard and basement located in the premises.

18. While Plaintiff was visiting his friends, and unbeknownst to him, members of the NYPD were responding to a "text" that said there were people inside the basement of the Complex with guns who were robbing the establishment. This "text" was purportedly sent by someone who was inside the Complex.

19. At no point did Plaintiff enter the basement of the Complex.

20. Police Officers, including a Swat Team and defendants Officer Rosario and Officer Hicks, arrived on the scene.

21. Officer Rosario and the Swat Team – John Does 1-10, entered the basement and observed three individuals standing in the center of a large room and two other individuals in the back of the room. They also observed numerous gambling equipment.

22. Inside the basement, they recovered a black firearm on a ledge and later, pursuant to a search warrant, recovered an assault rifle in a suitcase and a shotgun in a box.

23. In the interim, Defendant Hicks proceeded to the Courtyard where she

observed individuals, including Plaintiff, face down on the pavement.

24. Prior to her arriving, Plaintiff had been approached by Officers whose guns were outside their holsters. They ordered him to get on the ground on wet pavement while it was drizzling.

25. Though Plaintiff knew Police had arrived in the area while he was in the Courtyard, he did not attempt to flee.

26. Plaintiff was arrested even though he had only been in the Courtyard and had no connection to the search and activities in the basement.

27. Plaintiff was charged with gambling and weapons charges and taken into custody. He spent almost three days incarcerated before the Kings County District Attorney's Office declined to prosecute.

28. In the memorandum deciding not to prosecute, the KCDA said, *inter alia*, "[the KCDA] cannot prove any defendant possessed [a] firearm at the time of screening."

29. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the CITY OF NEW YORK, its agents, servants and/or employees.

30. As a result of the defendants' conduct, plaintiff has been caused to suffer, *inter alia*, severe anxiety, humiliation, and embarrassment, damage to personal

reputation, physical injury, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

## CLAIMS FOR RELIEF

### Claim I: False Arrest Under 42 U.S.C. § 1983 and NY State Law
*Against Officer Hicks, Officer Rosario, and City of New York*

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

32. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK assumed responsibility, supervision, and authority of the NEW YORK CITY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiffs for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

33. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants under false pretenses.

34. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

35. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining of plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiffs without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing him in handcuffs without reasonable cause therefore, and committing such acts resulting in the unlawful arrest and imprisonment of plaintiff.

36. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

37. That plaintiff was conscious of the confinement.

38. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

39. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

40. As a result of defendants' impermissible conduct, plaintiff demand judgement against defendants in a sum of money to be determined at trial.

### Claim II: Failure To Intervene Under 42 U.S.C. § 1983
*Against Officer Rosario and John Does 1-10*

41. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### Claim III: Assault and Battery Under New York State Law
*Against Officer Hicks*

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. That, on or about April 10, 2021, DEFENDANTS, who were acting within the scope of their employment with the DEFENDANT, THE CITY OF NEW YORK, at the aforesaid location.

47. That, on or about April 10, 2021, DEFENDANTS committed an assault and battery knowingly, intentionally and willfully.

48. That, on or about April 10, 2021 the individual DEFENDANTS who committed the aforementioned assault and battery upon the Plaintiff were acting within the scope of their employment with the Defendant, The City of New York.

49. That on or about April 10, 2021 the assault and battery on the Plaintiff was without probable cause and was not the result of a lawful arrest.

50. By reason of the foregoing, DEFENDANTS are liable to Plaintiff for damages.

### Claim IV:  Prima Facie Tort Under New York State Law
*Against All Defendants*

51. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

52. Defendants intentionally inflicted harm, resulting in damages, without excuse or justification, by an act or. series of acts, excusing the foregoing claims, that were otherwise lawful.

53. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**Claim V: Negligent Supervision, Retention, and Training Under New York State Law**
*Against Defendant City of New York*

54. Plaintiffs realleges the preceding paragraphs as if set forth here.

55. Defendant City of New York failed to use reasonable care in the training and supervision of the NYPD Officers who, negligently injured, and violated the constitutional rights of Plaintiff.

56. As a direct and proximate result of Defendant's negligence, Plaintiffs suffered serious bodily injury, emotional distress and mental anguish, costs, and expenses, and was otherwise damaged and injured.

**Claim VI: Violations of the New York State Constitution**
*Against All Defendants*

57. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

58. By virtue of the aforementioned acts, the Individual Defendants are liable to Plaintiff for violating his right to due process under Article I § 6 of the New York State

Constitution, and her right to be free of unreasonable and unlawful searches and seizures under Article I § 12 of the New York State Constitution.

59. Defendant City of New York is liable for these violations of the New York State Constitution under the principle of *respondeat superior*. nsequently, the individual officers and the City of New York are liable to Plaintiff for compensatory and punitive damages.

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive Damages;
c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest to the fullest extent permitted by law; and
e. Any additional relief the Court deems just and proper.

DATED: this 24th Day of March 2022                          New York, New York

Yours, etc.

Lord Law Group PLLC


_____
Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10279
718-701-1002

*Counsel for Plaintiff Patrice Punch*